[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11758

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 1, 2012
JOHN LEY
CLERK

D. C. Docket No. 1:08-cv-02799-MHS

RICHARD ROE,
an individual,

Plaintiff-Appellant,

versus

CITY OF ATLANTA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 1, 2012)

Before EDMONDSON, ANDERSON and FARRIS,[*] Circuit Judges.

PER CURIAM:

In this Americans with Disabilities Act case brought by an HIV-positive

_____

[*]Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

applicant to the City of Atlanta's police department, Appellant Roe argues that he was summarily denied the position because of his HIV status while the City asserts that Roe was not a qualified individual and that he did not show that he was not a direct threat to others.

The district court held that Roe cannot establish that he is a qualified individual for two reasons: 1) because he cannot prove he does not pose a direct threat because of his HIV status; and 2) because he failed to prove that he is a qualified individual wholly aside from whether he posed such a direct threat. We first address the latter ground.

Roe argues that the City did not raise this latter ground in its motion for summary judgment, such that he was essentially ambushed by the district court's reliance on that ground. The sole argument that the City made, he asserts, was that Roe was not qualified because he was a direct threat as a result of being HIV-positive. We have examined the City's motion for summary judgment and agree with Roe that the City did not raise the issue of qualifications beyond its argument that he was a direct threat. While a district court is permitted to raise new issues in deciding a motion for summary judgment, it must give notice to the parties. See Fed.R.Civ.P. 56(f)(2). Because no notice was given to Roe, we vacate on this ground.

We turn next to the district court's holding that Roe failed to prove he is not a direct threat. In this regard, Roe argues that the district court failed to give adequate evidentiary consideration to the City's judicial admissions that HIV-positive status was not a disqualifying factor. The City's answer expressly denied the allegation in paragraph 14 of Roe's complaint. Thus the City expressly denied that it has a policy of not hiring persons as Atlanta police officers who test positive for HIV. Throughout discovery the City maintained that it did not test current police officers for HIV, and that it did not consider HIV to be a medically disqualifying condition for applicants to become police officers. We agree with Roe that the district court failed to give adequate consideration to the City's judicial admission. The district court apparently construed the City's admission as admitting only that some HIV positive persons might be qualified, but not as admitting that Roe's HIV status was not disqualifying. However, the City never limited its position with respect to HIV status so as to be medically disqualifying for some people. We hold that the City's admission, at the very least, lulled Roe into believing that he need not adduce evidence to distinguish his HIV status as non-serious, and that Roe is entitled to further evidentiary development in this

3

regard.[1]

Finally, Roe argues that the district court erred when it did not address his argument that the City violated the ADA by requiring a medical examination in the absence of a conditional offer of employment. See 42 U.S.C. §12112(d)(2). It appears that the district court did not address this issue. Thus, the district court should address this issue on remand.

Expressing no opinion on the outcome of these issues, we remand to the district court.

VACATED and REMANDED.

---

[1] The status of the instant record is further complicated by the fact that the City never performed the required individualized assessment of Roe's medical problem and his present ability to safely perform the essential functions of the job. See Lowe v. Alabama Power Co., 244 F.3d 1305, 1308-09 (11th Cir. 2001) (relying on 29 C.F.R. § 1630.2(r)), and Bragdon v. Abbott, 524 U.S. 624, 118 S. Ct. 2196 (1998). We note that the City may not have had an opportunity to perform the required individualized assessment in light of Roe's failure to pursue his application after speaking with Dr. Greene.